**GREENBERG TRAURIG, LLP**

Tyler R. Andrews (SBN 250686) *Pro Hac Vice*
andrewst@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, CA  92612-4410
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

Matthew P. Hoxsie (SBN 034952)
hoxsiem@gtlaw.com
2375 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 445-8000
Facsimile: (602) 445-8100

Attorneys for Defendant
CIRCLE K STORES INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Abboud, individually and on behalf of a class of persons and entities similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Circle K Stores Inc.,<br><br>Defendant. | Case No. 2:23-cv-01683-DWL<br><br>[Assigned to Hon. Dominic W. Lanza]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff's Notice of Supplemental Authority contends that *Hiller v. Money Source Incorporated* "further supports her motion for class certification." ECF No. 89. Plaintiff's contention is incorrect, as certification of the "consent revocation" class in *Hiller* is wholly inapplicable to the proposed "wrong number" class here.

In *Hiller*, the Court certified a class consisting of persons who received messages "after the called party requested that Defendant stop placing telephone calls using an artificial or prerecorded voice to their cellular telephone, as recorded in Defendant's business records." 2025 WL 1331702 at *10. In *Hiller*, the Court distinguished the majority of TCPA cases denying class certification on the grounds that the proposed class in *Hiller* was sufficiently limited by the condition that the individuals who revoked consent were identified by the defendant's own business records. *See id.* at *5 (distinguishing *Silver v. Pa. Higher Educ. Assistance Agency*, 2020 WL 607054, at *1 (N.D. Cal. Feb. 7, 2020), where the class definition did not indicate whether a class member's revocation was evident in the defendant's business records).

Unlike *Hiller*, this case is <u>not</u> a case concerning revocation of prior consent. To the contrary, here Plaintiff alleges that despite the entry of her number by a Circle K customer, she never provided consent to be messaged. As demonstrated in Circle K's opposition, there is no basis to certify Plaintiff's proposed class (or subclass) here as, unlike in *Hiller*, each purported class member would necessarily require an individualized analysis of the evidence supporting any alleged lack of consent. Indeed, here Defendant's business records demonstrate that even the *de minimis* amount of potential *subclass* members who responded "wrong number" or similar include (1) several persons who responded "yes" to *confirm* their enrollment and consent – both before and after responding "wrong number," and even further (2) persons who responded "wrong number" while apologizing because *the person* sent a message <u>to Circle K</u> by accident. Stated simply, the evidence as to even this extremely limited set of approximately 200 persons demonstrates the need for individualized review to determine if there was any lack of consent or message to a wrong number as alleged by Plaintiff, and refutes any basis for class certification. *See Davis v. AT&T Corp.*, 2017 WL 1155350 (S.D. Cal. Mar. 28, 2017) (denying certification because, in part, plaintiff failed to articulate how a reverse number lookup service could resolve

"consent or lack thereof" on a classwide basis). This is an entirely different analysis than in *Hiller*, in which the court focused exclusively on the *express revocation of prior consent* and its ability to be determined through review of the defendant's own records. For these reasons, Plaintiff's notice of supplemental authority should be disregarded as irrelevant, and the Court should deny Plaintiff's motion for class certification.

RESPECTFULLY SUBMITTED this 15th day of May 2025.

        GREENBERG TRAURIG, LLP

        By */s/ Matthew P. Hoxsie*
          Tyler R. Andrews (*Pro Hac Vice*)
           Matthew P. Hoxsie
           Attorneys for Defendant, CIRCLE K STORES INC.

# CERTIFICATE OF SERVICE

☒  I hereby certify that on May 15, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Nathan Brown
BROWN PATENT LAW
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Nathan.Brown@BrownPatentLaw.com

James L. Davidson (*pro hac vice*)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
jdavidson@gdrlawfirm.com

Anthony Paronich (*pro hac vice*)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorneys for Plaintiff*

By:  /s/ Tammy Mowen