Tyler R. Andrews (Admitted *pro hac vice*)
andrewst@gtlaw.com
GREENBERG TRAURIG, LLP
18565 Jamboree Road
Irvine, CA 92612
Tel: (949) 732-6500

Matthew P. Hoxsie, SBN 034952
hoxsiem@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ  85016
Tel: (602) 445-8000

*Attorneys for Defendant Circle K Stores, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Monica Abboud, individually and on behalf of a class of persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Circle K Stores, Inc. and Mobivity Holdings Corp.,<br><br>Defendants. | Case No. 2:23-cv-01683-DWL<br><br>**JOINT MOTION TO EXTEND DEADLINE FOR GOOD FAITH SETTLEMENT TALKS** |

Defendant Circle K Stores, Inc. ("Circle K") and Plaintiff Monica Abboud ("Plaintiff") hereby move this Court for an order extending the deadline for the parties to complete good faith settlement talks, and in support, state as follows.

**Procedural Background**

On February 16, 2024, the Court issued its Case Management Order ordering that the "parties and their counsel shall meet in person and engage in good faith settlement talks no later than **45 days after the ruling on class certification**." (Doc. 18 at 7).

1

On September 30, 2025, the Court issued its ruling denying Plaintiff's motion for class certification. (Doc. 99).

The current deadline is set for November 14, 2025.

During the past weeks, the parties have engaged in settlement discussions and have exchanged demands and offers but have not been able to reach an agreement and, while they believe have both done so in good faith, wish to extend the deadline by thirty (30) days to ensure compliance with the Court's good faith settlement order.

## Argument

The parties' request to modify the good-faith-settlement-discussion deadline requires modification of the current scheduling order. Parties must demonstrate "good cause" to modify a scheduling order. Fed. R. Civ. P. 16(b)(4). "[I]n determining good cause [under Rule 16, the court] considers four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *C.F. v. Capistrano Unified School District*, 656 F. Supp. 2d 1190, 1196 (C.D. Cal. 2009).

Good cause exists to extend the deadline to complete good faith settlement talks. While the parties have engaged in settlement discussions and exchanged demands and offers between counsel, conflicts with counsels' and the parties' schedules have prevented an in-person (remote) conference between the parties and their counsel. The parties endeavor to continue to engage in good faith settlement discussions and request thirty (30) days to enable the parties to schedule and complete a good-faith settlement discussion. The limited requested extension is not intended to delay proceedings. Just the opposite, the parties have had substantive settlement discussions already and the additional time will further those discussions.

## Conclusion

For the foregoing reasons, the parties respectfully request this Court extend the deadline to complete good faith settlement discussions by thirty (30) days from

November 14, 2025 until and including **December 8, 2025** (accounting for weekends).

DATED: November 14, 2025

GREENBERG TRAURIG, LLP

By: */s/    Matthew P. Hoxsie*
Tyler R. Andrews (Admitted *pro hac vice*)
Matthew P. Hoxsie
GREENBERG TRAURIG, LLP
*Attorneys for Defendant*

By: */s/ Anthony Paronich*
James L. Davidson (*pro hac vice*)
Greenwald Davidson Radbil PLLC

Nathan Brown (State Bar No. 033482)
Brown Patent Law
15100 N 78th Way, Suite 203
Scottsdale, AZ 85260
Phone: 602-529-3474
Nathan.Brown@BrownPatentLaw.com

Anthony Paronich (*pro hac vice*)
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

*Attorneys for Plaintiff*